24-18-28 Rookwood Auto Parts, Inc. et al. v. Monroe County, MI et al. Oral Argument Not to Exceed 15 Minutes Per Side Ms. Badalamenti for the Plaintiff's Appellate Good morning, Your Honors Good morning Rachel Badalamenti on behalf of the appellants, Rockwood Auto, Rockwood Towing, and Jack Poley I am reserving five minutes for rebuttal This case is about Monroe County and the culture of pay to play that they have approved and that they have stood behind There is evidence in this case that there has been no review of the missteps that were taken There has been no action taken to correct what has occurred And that is despite egregious misconduct on the part of the Sheriff with respect to bidding contract awards, with respect to prosecutions And so I think that it is important as a beginning step to talking about the claims that we recognize what is going on in Monroe County That we take a look at the corruption, the criminal prosecutions, the Attorney General investigations What is going on in Monroe County is consistent with what we see in this case and it is relevant because we have equal protection and due process challenges And so what else is going on there is important With that sort of said, I want to focus first on the equal protection claim as to Rockwood Auto and Rockwood Towing The court, the defendant Are you bringing on the equal protection claim a class of one theory? We are, yes So who do you claim is your similarly situated comparator? So with respect to Rockwood Towing, it would be Star Towing, Jim's Towing, LaRocca's Towing Who were all approved on the tow list at the time that changes were made There were a series of approved vendors that my client was a part of There were a series of exclusive vendors for certain zones All of them are similarly situated and very importantly the testimony is uncontroverted in the case That with respect to who is going to end up after Sheriff Goodenow gets elected Who is going to end up in what tow zones It's uncontroverted that the location and proximity analysis was only conducted for Rockwood Towing That Sheriff Goodenow said I decided to remove or limit what Rockwood Towing was doing in certain zones Because of proximity or location Now the court says, the court accepts attorney argument about certain zones being saturated as the reason for the action But the testimony of Sheriff Goodenow is actually, I looked at location and proximity when I made the decision as to Rockwood And when we asked Sheriff Goodenow, what about the other similarly situated tow companies They're all in Monroe County Did you take a look at location and proximity to Zone 4 or Zone 5 or Zone 6 When you were deciding whether or not Star Towing or LaRocca's Towing, who's also in Monroe County Whether or not they should be remaining in the zones that they were in Did you make that analysis, the answer was no I only did it with respect to Rockwood So the distance one, that's for Area 4, is that correct? For Area 4, Area 5 and 6, the analysis by Sheriff Goodenow was the same He said I added additional tow companies into Area 5 and 6 Because of the proximity concerns, efficiency was his testimony I felt like it would be more efficient to add in more tow vendors into Area 5 and 6 where Rockwood had been exclusive So we're applying the rational basis standard, is that right? Yes So why isn't that a rational basis for Areas 5 and 6 to say Well, it would be better to have two towing companies rather than just one Yeah, so it would be a rational basis, I agree with you, if it was applied across the board But the same analysis that goes to Area 4, we're removing Rockwood from Area 4 Which is the busiest zone in the county We're removing them because of oversaturation But there, correct me if I'm wrong, I thought there was Jim's Towing, Star Towing, Duffy Towing and A1 Towing as well So there were a lot of towing companies there Only after the first round of changes were made See, this is where all the questions of fact come into the Equal Protection Claims There is a series of changes that are made to the tow policies, three of them I believe While the case is pending before summary judgment In the first round of changes, Rockwood is removed, bumped out of Zone 4 On what the court says is saturation Now there's no testimony at all that that's the reason, saturation The testimony is proximity So then we look at Areas 5 and 6 where another change is made for Rockwood And the answer is location proximity And the court says, well, I know I said saturation for 4 But we're adding in other vendors in 5 and 6 But that seems so logical I don't know the size of these areas, I'm sure it's in the record and I can check But it seems if you have hypothetically 6 in one area And only 1 in other areas That it makes sense to add 1 more in the areas where you only had 1 And to take 1 away in the area where you had 6 That principle is being applied similarly across the areas I agree, if that was what happened, I would agree with you Judge But that's not what happened What happened is we had exclusive Zones 5 and 6 which are very low areas Everybody's testified, there's no dispute on it, that these are low capacity There are very few calls for service in Areas 5 and 6 So no complaints that Rockwood took extra time to get to calls No complaints that we need more people in this area Because there's response lag times, nothing like that happens Nonetheless, added in vendors Now we don't add in 1, we add in 4 And we add in the same 4 that get added into Area 4 where my client gets removed And then we later say, now that we have 6 If we would have included Rockwood in Area 4 We have 6 at some point and we say it would have been too saturated But that's only because when we first made the changes We added the same 4 that got the benefit of 5 and 6 We added them into Area 4 And so we make all these changes and the court just says I'm going to just accept, blindly accept I'm not going to look at when the changes were made I'm not going to say, well you can't say oversaturation in one area And then have 4 getting added into a low density or low service call area And say that that's an equal reason That doesn't make sense The court doesn't conduct that analysis The court also doesn't conduct an analysis of the fact that Nobody except for the attorneys in the briefing Have even used the word saturation Sheriff Goodenow is the exclusive party that makes the change It is not the county, it is Sheriff Goodenow as the chief policy maker That writes the tow policy and that makes the changes I guess, I'm sorry You know, what you're describing and how you're characterizing How the district court approached this problem and dispute It seems to be a feature and not a bug of the rational basis standard Essentially, with the rational basis standard You see, is there something in the record to have supported this decision making And the judge said, yeah, I mean pointed to these various things You of course saw it differently But it's your, I believe, your burden to show the lack of a rational basis And explain to me why the judge erred In spotting and relying upon those rational basis Yeah, so with respect to the tow issue The court's determination is that saturation decision That oversaturation or the need for more in one area That that was the basis on which a rational basis is found With respect to the tow equal protection claim, okay There is no testimony in the record There is only argument in briefing by attorneys There is absolutely no citation Vossenick's not cited for that, Goodenow's not cited for that Goodenow's testimony was location proximity was what he based his decision on And so if location proximity was what the lower court said It was going to find as its rational basis Then we would go and look at whether or not that proved out to be a rational basis We would be having a different discussion But the lower court says saturation is the reason And so not only do we have clear questions of fact On whether or not that's actually applied consistently across the different vendors But we have no testimony We have nothing from which you can say that is the rational basis of Monroe County For why these decisions were made Because it isn't in the record, it is only in the briefing It is only an attorney's argument On the fleet maintenance part of this There is information in the record Correct me if I'm wrong But the company that started with it, Gerwick had a lower bid Correct?  With respect to the auto The same thing happens The court concludes as a matter of fact That Gerwick is the lowest bidder And that that is a rational basis Now I will concede If Gerwick was the lowest bidder And the award was to go to the lowest bidder In the request for proposal I would concede wholeheartedly That would be a rational basis This particular RFP doesn't say anything about the lowest bidder It talks about quality, service The availability of a lot All these types of things So everything is supposed to be scored But more importantly Gerwick isn't the lowest bidder The court has accepted As a matter of fact That that is what the bids show In fact, if you look at the bids And we expound on it in our briefing The bids do not show Gerwick to be the lowest bidder Who is the lowest bidder? It depends on which feature you're looking at For tires, it's Rockwood So we need to make an overall judgment As to who is the lowest bidder Is that right? Well, I don't think as a matter of summary judgment That that would be an appropriate thing for a court to be doing If the court has to conclude That Monroe County made a determination That it was the lowest bidder And that that was Monroe County's rational basis Then we might be in a different world But we're not there Monroe County says And this is Bostoneg Who issues the award and Goodnow Monroe County says we got three bid responses We didn't determine who the lowest bidder was We're saying now we think that Gerwick Is overall the lowest bidder But at the time We did no analysis In fact, what the testimony was Is that we did not score Monroe Dodge Who responded to the RFP Because we didn't think they could do the work We did not score Gerwick Because I needed these clarifications And ultimately once I got the clarifications I still did not score Gerwick And I did not score Rockwood And when I went to Mr. Bostoneg with my recommendation I, Sheriff Goodnow Did not give him any analysis or any scoring Even though the RFP requires a set of criteria And what is their explanation for why Gerwick was picked? He doesn't have one In fact, when we asked that exact question to Sheriff Goodnow Why was Gerwick picked? He was unable to give us any answer Except that he thinks that now When he looks at his marked up And I hope everybody has the color copy That he looks up his marked up Bid response His amended That he thinks that some of the line items Although they aren't apples to apples That they were lower And so he thinks that makes it okay Your red light has been on for a while Oh, I didn't even realize So we need to let you have your five minutes for rebuttal Yes, thank you Thank you. Good morning May it please the court Heather Sumner on behalf of Appellees Speculation, insinuation and conclusory statements Are insufficient to overcome The well-reasoned brief The well-reasoned opinion by the lower court As supported by the record Appellants did not suffer Any constitutional violation As plaintiff As plaintiff Chose to focus on the Equal protection argument We would note that They are incorrectly attempting to shift the burden As provided in Aldridge v. City of Memphis Defendants were under no obligation to produce evidence To sustain the rationality of its action Its choices are presumptively valid And may be based on rational speculation Unsupported by evidence or empirical data Here the claim is that You can't tell which one's lower Because one used a flat pricing And one used a standard by the hour pricing Well as attorneys know Generally by the hour is going to cost you more You don't need empirical data here We can use our common sense If we've got a flat low fee That that's going to be Almost always lower So there's a rational basis Also What basis, David, when the bid was awarded? So I think it's also important to note That the bid was awarded by Michael Bosonic Who is the county financial officer And he testified To be clear It was his decision To select Rockwood Auto He took into account The sheriff's information But it was his decision And there is no evidence That he holds any feelings About Rockwood Auto And at the time He had no feeling about Rockwood Auto, Jack Polly, Anthony Polly Anything He selected what he believed To be the best bid When notably And as raised in some of the briefing He personally doesn't like Gerwick What basis did he assert Was his basis for concluding It was the best bid? Is it price? Or is it something else? Well price That it was the best bid And the language of the bid Is non-exclusive So they did have the ability To take some other things Into consideration And I would note Well no one did testify to this And the case law is clear That it was on appellant To negative every conceivable basis And in this case There is a conceivable basis That there would be a reluctance To continue engaging in business That the last administration Had questionable business ties with And that has never been negative That conceivable basis exists Even if that wasn't the reason It's a conceivable basis I guess the question Given what your opponent was arguing In front of us moments ago Why isn't there a fact question? In other words Why is summary judgment appropriate here? Here the burden was on appellants To raise evidence That they're a material fact They can't rely on speculation They can't rely on insinuation They need evidence to support That there was animus or ill will That was the true motivation For this decision And they have not done so At most they point to an email That takes place significantly after this And as correctly considered And found by the lower court It does not demonstrate personal animus It raises concerns That are incredibly relevant To the sheriff's department's operation Namely the treatment of citizens And law enforcement So on the towing list Which towing list should we be looking at? So I would note that Really the focus can be on area 4 As appellants did not raise argument In their original brief Regarding 5 and 6 I meant in terms of the dates Oh I understand that there's a date Of the various areas In March of 2020 And September of 21 And January of 22 Which are the relevant ones Or are there more? So we maintain that So there was a Before Sheriff Goodenough comes in There's a tow map He changes that in September It's really not You know it's not working There's issues We don't have two people in each of the areas So there's kind of a monopoly In some of the zones Then we have this oversaturation In area 4 Where there is testimony That And the truth is Rockwood had to drive by The other towing companies To get to that area It was inefficient It was causing time delays And we've got sheriffs Who need to get back out on the road And doing the duty of protecting and serving Not sitting around and waiting For a tow company to show up So we would maintain that While there was the change that occurred After September Was done Like all of the changes Were made for a rational reason But that second change Was made specifically Because the original map That he made He considered it He tried it It wasn't working So with any policy You adapt it And I imagine It's probably going to change As he as sheriff As the needs of the community change As some of these tow companies Either can or can't provide the service So we should look at all three Yeah I think you can look at all of them So your opponent was arguing essentially That the reasons were fluctuating That with respect to area four You say oh there's oversaturation And then you're removing rockwood But with respect to areas five and six You're adding somebody in As opposed to And those are less populated Or less in demand areas For towing services Yeah and as discussed And testified to When you only have one person In a tow area Then it's not really It's not very competitive We kind of allow them To have a monopoly And then no matter what And when you have just one person Who knows that they don't have to compete With anyone else in that area Slows them down It creates efficiency issues When there's two That kind of have to compete To be the ones to get there Helps make things go faster And it causes some competitiveness Among the rates For when the citizens Have to deal with it So who sets the price? Is it the towing company That sets the price? So they do have There are rules That you can't be considered For the tow list Unless you meet These certain criteria And pricing I can't remember The exact terminology But it is like It has to be within A reasonable price On the fourth amendment claim Yes Is it your position council That Anthony had Actual authority To consent to a search Or was it just Apparent authority And that's good enough? Well I would say Our position is That he did have Actual authority I would say That it's not necessary To come to that conclusion Because we have the issue Of qualified immunity And the qualified immunity issue Is clear The state of the law At the time of this search Would not have put A reasonable officer On notice That the search They engaged in Was a violation Of the constitution Rather the case laws existed This is textbook Consent search And we maintain It is actual And if you look at Matlock USV Matlock It's control over The commercial property Excuse me The common area In the briefing There seems to be He's just a tow truck driver He is the son Of the owner Aside from the owner The only employee The only one Working that day He's the corporate representative In the litigation He does all of the work For this business And I think something That's really important To consider Is that He didn't just acquiesce And we know that Because he didn't consent To the search Of his father's Personal residence Rather he had Law enforcement Get in contact With his father To obtain Permission from his father To search his residence So we know that Even Anthony thought That he had the authority To consent to this search I don't know Some of those arguments To me seem more like Apparent authority arguments I guess Here's a question Do we have case law On applying Apparent authority The apparent authority doctrine To a commercial business Because Matlock's an apartment Or something like that So I was actually A little bit surprised At the difficult I thought I'd find a case Just directly on point And I'd be able To tell you that one What I found a lot more of Were cases That were mature family members Possessing the authority To admit police Into a family residence Which I would submit Has a much higher level Of privacy And expectation That law enforcement Won't be coming in As opposed to an open Auto mechanic and tow yard Where there would be A much lower And so in Howard We shouldn't have any problem Applying those cases here Because the privacy interests Are reduced I would argue Yes That you know For instance Like in USV Howard That voluntary consent Was of a residence And so If you can Consent If a mature family member Can consent to A family residence It really follows That they could Consent to a family business One that they've worked at Since they were a teenager They're the only employee of And were there that day With respect to the Bidding process And the RFPs Does state law Or local Do local ordinances Restrict the discretion For the award Of the ultimate contract They do not In this case There was The discretion was Fully vested In the County To make the decision That was best For the county That's why we maintain That there is no Property interest And that they don't Have a due process Claim in this case There seems to be An argument That We're trying to say That if you use This magic phrase That we're now You can't sue us On anything That's not true Obviously you could still Bring an equal protection Claim Or based on the Facts of the case Potentially other Constitutional claims But here The case law Is clear When you look at Intertech When you look at Rules towing Which is an unpublished Case that comes Right out of the Eastern District Where this case Was heard They do not have A protected Property interest In the process And so they don't Have a due process Claim I would also Say that With respect To the Monell Claim Because all of the Argument that we Have put forth In our brief And today There is no Constitutional Violation And because there Is no Constitutional Violation There is no Monell claim In this case Which is also Which is what the Lower court Had correctly Found I would say Really Going back To the consent Issue The salient Question is Whether the State of the Law at the Time Gave defendants Fair warning That their Conduct was Unconstitutional And that's Kislev B.  And here There is No There is no Case law And there is Nothing else That would have Provided these Officers With the Belief That this Type of Search Was Violative And as we Know from Mally B. Briggs Qualified immunity Protects all But the Plainly Incompetent Or those Who knowingly Violate the Law And that Is not The situation In this Case Were there Any other Questions from The panel Thank you Thank you I would ask That you Please affirm With respect To um With respect To the First argument Um Speculation Insinuation And conclusory Statements You were told That that Should not Govern the Day I want to Point out That what the Lower court Relied on Was a   Proposition From Mr. Bosnick For the Idea that Gerwig was The lowest bid And when you Go to that Page of Mr. Bosnick's  Testimony He's not Even talking About the Bid process And he's Definitely not Talking about Any conclusions That he made Regarding the Bid The other Side is to Sheriff Goodenough Either say That he made This conclusion That Gerwig was The lowest bidder So you have A trial Court concluding That Gerwig's bid Which is not Apples to apples On any line Item That Gerwig Is the lowest Bidder As a matter Of law In order to Dismiss An equal Protection Claim When you Have citations That are Relied on By the Sheriff And the Bid Acceptor Were factoring In the Fact that There had Been this Problem Previously About Sheriff's Office Property Being found On your Client's Property Whether it's Rockwood Argo or Rockwood Towing Should that Be a factor That could Factor into The decision On the Bidding And which Bid Would be Accepted That there Hadn't been Any problems Of Gerwig But that there Were problems With respect To your Client Two part Answer to That First There were No problems With respect To my Client At the Time The time Of this Request For Bid   Fleet Maintenance Is within Weeks Of the Sheriff Taking Office He Contemporaneously Conducts The Search And in February Calls MSP And Initiates An Investigation This Request For Bid When Did the Search Occur January 20th And 21st Of what Year 2021 He Has Already Initiated The RFP Process By Them The First One There Is A Second One Because Gerwig Can't Score   Them And You Can Articulate Scoring Here That Is Not One Of The Parameters And You Have No Scoring Whatsoever So You Can Consider That As  RFP Allowed But In This Case It Does Not Provide For  Evaluation Criteria And It Is A Complete Sham Because We Know That The Three RFP Responses Were Not Scored By Anyone There Was No Analysis In This   It Does Not Provide    And  Is        RFP Responses Were Not Scored By   Was A Complete   We            No Analysis In           This        Criteria And   A Complete Sham Because We Know That The Three RFP Responses Were Not Scored By Anyone There Was No Analysis In This    Provide For Evaluation Criteria And It Is     Know             That The Three RFP Responses Were Not Scored By Anyone There Was No Analysis In This Criteria And It Is A Complete Sham Because We Know That The Three RFP Responses Were Not Scored By Anyone There Was            Three RFP Responses      Was No Analysis            Know   RFP   Scored       In This Criteria And                              Sham